

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN　　　　　　　　　　　　　　　　　　　　　DIVISION OF STATE COUNSEL
ATTORNEY GENERAL　　　　　　　　　　　　　　　　　　　　　　　　LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8733

February 28, 2017

**By ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. New York*, No. 13-cv-4165 (NGG) (RML)
              *O'Toole et al. v. Cuomo et al.*, No. 13-cv-4166 (NGG) (RML)
              *Residents and Families United to Save Our Adult Homes et al. v. Zucker et al.*,
              No. 16-cv-01683 (NGG) (RER)

Dear Judge Garaufis:

    Pursuant to Local Civil Rule 1.4 of this Court, the New York State Office of the Attorney General, including Attorney General Eric T. Schneiderman and all Assistant Attorneys General who have appeared as counsel in the above-styled cases (collectively, "OAG"), requests permission to withdraw from the representation of all defendants in those three cases. The named defendants in the three above-styled cases are as follows:

1. Defendants in *United States v. New York*, No. 13-cv-4165:

    - The State of New York

2. Defendants in *O'Toole et al. v. Cuomo et al.*, No. 13-cv-4166:

    - Andrew M. Cuomo
    - Nirav R. Shah
    - Kristin M. Woodlock
    - The New York State Department of Health
    - The New York State Office of Mental Health

3. Defendants in *Residents and Families United to Save Our Adult Homes v. Zucker et al.*, No. 16-cv-01683:

- Howard Zucker, M.D.
- New York State Department of Health
- Ann Marie T. Sullivan, M.D.
- The New York State Office of Mental Health

All individual defendants are named solely in their official capacities.

If granted, this withdrawal would terminate the OAG's representation of all defendants in the three above-styled cases and thus end the OAG's role in those cases.

As set forth in more detail in the Declaration of Kent T. Stauffer, which is being submitted herewith, the OAG and defendants have a fundamental disagreement about how these matters should be handled. *See* N.Y. Rule of Professional Conduct 1.16(c)(4). OAG also seeks to withdraw because its clients have failed to cooperate in the representation and have made the representation unreasonably difficult for the OAG to carry out effectively. *See* N.Y. Rule of Professional Conduct 1.16(c)(7). As further detailed in Mr. Stauffer's declaration, permitting withdrawal of the OAG and the substitution of counsel in the three above-styled cases will not prejudice the defendants. The OAG has contacted the defendants, our clients, to seek their permission to withdraw; no clients have as yet consented to withdrawal.

Respectfully submitted,

Matthew J. Lawson
Assistant Attorney General

cc: All Counsel (by ECF)
    Axel Bernabe, Esq. (by email and first-class mail)
    Michael G. Bass, Esq. (by email and first-class mail)
    Joshua Pepper, Esq. (by email and first-class mail)