UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                               **ORDER**

        -against-                                   **13-CV-4165 (NGG) (ST)**

STATE OF NEW YORK,

                Defendant.
-----------------------------------------------------------------X
RAYMOND O'TOOLE, et al.,

                Plaintiffs,                             **ORDER**

        -against-                                   **13-CV-4166 (NGG) (ST)**

ANDREW M. CUOMO, et al.,

                Defendants.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      It is hereby ORDERED that the May 17, 2017, hearing on the New York State Office of the Attorney General's ("OAG") motion to withdraw (Mot. to Withdraw (Dkt. 79)[1]) is converted to a status conference and is rescheduled from May 17, 2017, at 10:00 a.m., to **May 17, 2017, at 2:00 p.m.** Counsel for all parties in the above captioned matters shall be present. In addition, the following individuals are ORDERED to appear:

- Alphonso B. David, Counsel to the Governor;
- Paul Francis, Deputy Secretary to the Governor for Health and Human Services for the New York State;
- Keith J. Starlin, Assistant Attorney General;
- Howard A. Zucker, M.D., J.D., Commissioner of Health for New York State;

---

[1] Unless otherwise indicated, docket citations throughout this Order refer to documents filed in United States v. New York, Case No. 13-CV-4165 (NGG) (ST).

1

- Michael G. Bass, Director of the Bureau of Litigation at New York State Department of Health;

- Ann Marie T. Sullivan, M.D., Commissioner of Mental Health for New York State; and

- Mark Noordsy, Deputy Counsel for Litigation at New York State Office of Mental Health.

The parties shall be prepared to discuss the following matters at the status conference:

1. The status of Doe v. Zucker, Index No. 07079/2016 (Sup. Ct. Albany Cty.);

2. Whether Constantine Cannon is representing the State in the state court actions that challenge the adult home regulations (the "Regulations")—Doe v. Zucker, Index No. 007079/2016 (Sup. Ct. Albany Cty.); Oceanview Home for Adults, Inc. v. Zucker, Index No. 006012/2016 (Sup. Ct. Albany Cty.); Hedgewood Home for Adults, LLC v. Zucker, Index No. 052782/2016 (Sup. Ct. Dutchess Cty.) (collectively, the "State Cases");

3. The consequences of the State taking different positions as to the validity of the Regulations in the State Cases, the above captioned actions, and Residents and Families United to Save Our Homes v. Zucker, No. 16-CV-1683 (NGG) (RER);

4. The effect that elimination of the Regulations will have on the above captioned cases as well as the State's continuing obligation to provide services to individuals with disabilities "in the most integrated setting appropriate to the[ir] needs," 28 C.F.R. § 35.130(d), and to avoid "unjustified isolation" of individuals with disabilities, Olmstead v. L.C., 527 U.S. 581, 597 (1999);

5. The timeline for possible additional revisions to the Amended Stipulation and Order of Settlement (Dkt. 23);

6. The Independent Reviewer's Third Annual Report (Dkt. 102);

7. The State's 11th Quarterly Report (Dkt. 96);

8. Any progress made by the parties towards an agreement with respect to Plaintiffs' request for information concerning non-transitional discharges; and

9. Any progress made by the parties towards an agreement concerning Plaintiffs' request that their expert, Elizabeth Jones, be allowed to observe the in-reach process.

SO ORDERED.

Dated: Brooklyn, New York
May 9, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge