UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,                        **ORDER**

                                                                      **13-CV-4165 (NGG) (ST)**

STATE OF NEW YORK,

                              Defendant.
------------------------------------------------------------------------X
RAYMOND O'TOOLE et al.,

                              Plaintiffs,

ANDREW M. CUOMO et al.,                   **13-CV-4166 (NGG) (ST)**

                              Defendants.
------------------------------------------------------------------------X
RESIDENTS AND FAMILIES UNITED TO SAVE
OUR ADULT HOMES et al.,

                              Plaintiffs,

                                                                      **16-CV-1683 (NGG) (RER)**

HOWARD ZUCKER, M.D., et al.,

                              Defendants.
------------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On June 15, 2017, the court appointed Katya Jestin of Jenner & Block LLP to serve as a guardian ad litem for the Class Member Plaintiffs.[1] (Order (Dkt. 116)[2].) As set forth in the court's June 15, 2017, Order (the "June Order"), the guardian ad litem is responsible for

---

[1] The "Class Member Plaintiffs" refer to class members in O'Toole v. Cuomo, No. 13-CV-4166 (NGG) (RML), who are also named plaintiffs in at least one of the Regulations Actions, listed as follows: Residents & Families United to Save Our Homes v. Zucker ("Residents and Families"), No. 16-CV-1683 (NGG) (RER); Doe v. Zucker, Index No. 007079/2016 (N.Y. Sup. Ct. Albany Cty.); Oceanview Home for Adults, Inc. v. Zucker ("Oceanview v. Zucker"), Index No. 006012/2016 (N.Y. Sup. Ct. Albany Cty.); and Hedgewood Home for Adults, LLC v. Zucker, Index No. 052782/2016 (N.Y. Sup. Ct. Dutchess Cty.).

[2] Unless indicated otherwise, citations to the record refer to documents filed in Case No. 13-CV-4165 (NGG) (ST).

1

providing the court with a report under seal detailing: (1) the circumstances of the Class Member Plaintiffs' participation in the Regulations Actions; and (2) whether each of the Class Member Plaintiffs understands the purpose of and their role in the litigation. (Id. at 4.)

The court finds that, for the purposes of Mental Hygiene Law § 33.13(c)(1), the need for the guardian ad litem to access otherwise confidential information (including protected health information as defined in 45 C.F.R. § 160.103) in order to carry out her duties as set forth in the June Order significantly outweighs the need for confidentiality. Pursuant to 45 C.F.R. § 164.512(e)(1)(i) and the inherent authority of the court, it is hereby ORDERED that the guardian ad litem shall have access to the Class Member Plaintiffs' protected health information and other confidential information that is necessary for the guardian ad litem to conduct her duties. The guardian ad litem may request such information from the New York State Department of Health, the New York State Office of Mental Health, Health Homes, Managed Long Term Care Plans, Housing Contractors, the New York City Human Resources Administration ("HRA"), adult homes (including, but not limited to, Oceanview Manor Home for Adults, Harbor Terrace Adult Care and Assisted Living, and Wavecrest Home for Adults), medical and mental health providers of services to Class Member Plaintiffs, the Center for Urban Community Services, the Independent Reviewer, and any other entity or individual in possession, custody, or control of such information. Those entities and individuals are authorized to disclose information, including confidential and/or protected health information, to the guardian ad litem and shall make such information available as soon as practicable after the guardian ad litem's request. The guardian ad litem may make requests for information including, but not limited to, interviews with adult home staff, health providers, or mental health providers; assessments; psychiatric evaluations; Uniform Assessment System ("UAS") forms; and HRA determination letters for each Class Member Plaintiff.

The guardian ad litem shall maintain the information obtained pursuant to this order in accordance with all applicable state and federal confidentiality regulations and may only use and disclose such information for the purposes of carrying out her duties under the June Order. Upon the conclusion of her assignment, the guardian ad litem and her staff shall destroy the information obtained pursuant to this order in a manner consistent with state and federal laws governing record destruction.

SO ORDERED.

/s Nicholas G. Garaufis
_____

Dated: Brooklyn, New York
      June 22, 2017

NICHOLAS G. GARAUFIS
United States District Judge