UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEW YORK, | ) | Civil Action No. 13-CV-4165 |
| | ) | (NGG) |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| RAYMOND O'TOOLE, ILONA SPIEGEL, and | ) | |
| STEVEN FARRELL, individually and on behalf | ) | |
| of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| ANDREW M. CUOMO, in his official | ) | Civil Action No. 13-CV-4166 |
| capacity as Governor of the State of New | ) | (NGG) |
| York, NIRAV R. SHAH, in his official | ) | |
| capacity as Commissioner of the New York | ) | |
| State Department of Health, KRISTIN M. | ) | |
| WOODLOCK, in her official capacity as | ) | |
| Acting Commissioner of the New York | ) | |
| State Office of Mental Health, THE NEW | ) | |
| YORK STATE DEPARTMENT OF | ) | |
| HEALTH, and THE NEW YORK STATE | ) | |
| OFFICE OF MENTAL HEALTH, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## SETTLEMENT AGREEMENT BETWEEN THE PARTIES
## AND WAVECREST HOME FOR ADULTS

WHEREAS, Wavecrest Home for Adults ("Wavecrest") is an Impacted Adult Home under the Second Amended Stipulation and Order of Settlement and Supplement to the Second Amended Stipulation and Order of Settlement (collectively the "Settlement Agreement") in *United States of America v. State of New York*, Civil Action No. CV-13-4165 and *O'Toole, et al. v. Cuomo, et al.*, Civil Action CV-13-4166 (United States District Court, Eastern District of New York, to which the signatories below, other than Wavecrest, are parties;

WHEREAS, the Settlement Agreement provides that the parties thereto "intend that the measures required pursuant to [the] Agreement will provide residents of Impacted Adult Homes in New York City who have serious mental illness with the opportunity to live in the most integrated setting and will ensure that they are provided with the information necessary to allow them to make informed choices about those opportunities," (Second Amended Stip. and Order of Settlement at 3; Supplement at Section F(1));

WHEREAS, Peer Bridgers and other Settlement Implementation Providers working under the Settlement Agreement need to be able to access and meet privately with class members for purposes of assisting them in considering or achieving transition to alternative community housing;

WHEREAS, the Supplemental Agreement requires the State to ensure that all Settlement Implementation Providers have access to the Impacted Adult Homes and are able to do their work related to the class members unimpeded (Supplement ¶ E (1));

WHEREAS, concerns have been raised in the context of the Settlement Agreement about issues of discouragement and interference experienced by Peer Bridgers and other Settlement Implementation Providers at Wavecrest;

WHEREAS, Wavecrest denies these allegations of discouragement and interference; and

WHEREAS, the signatories are desirous of resolving these issues without court intervention; and

IT IS HEREBY AGREED by the signatories:

1. Commitment to environment of respect. Wavecrest hereby expresses its commitment to ensuring that Settlement Implementation Providers can perform their duties under the Settlement Agreement in a welcoming environment marked by reciprocal professionalism, respectful communication, collaboration, and open communication.

2. Written policies. Wavecrest agrees to develop written policies within fifteen days of execution of this Agreement regarding resident rights under the Settlement, including appropriate conduct and treatment of Peer Bridgers and other Settlement Implementation Providers. These policies, which shall be consistent with Wavecrest's ability to function efficiently and in conformity with all applicable NYS Department of Health ("DOH") regulations, shall be developed in consultation with and subject to the approval of all signatories.

3. Training of staff. Wavecrest agrees to ensure that within three months of execution of this Agreement, all Wavecrest staff will undergo training regarding resident rights under the Settlement, which shall include appropriate conduct with and treatment of Peer Bridgers and other Settlement Implementation Providers and cultural competence and equity and inclusion training, including race, gender, and disability. Mobilization for Justice, New

York Lawyers for the Public Interest, Disability Rights New York, and the State will develop the content of and conduct this training. A recording of the training will be made and kept available at Wavecrest for future use in the event employees are not able to attend or for those hired at a future date.

4. <u>Dedicated private space from which the Peer Bridgers can work</u>. Wavecrest agrees that it will dedicate a room with a private bathroom, beginning no later than April 1, 2021 for exclusive use by the Settlement Implementation Providers, including the Peer Bridgers. Additionally, the recreation room and dining room shall be made available on a regular basis, at scheduled times including during weekend and evening hours, not less than 28 hours per week (specifically at least the following: the dining room between 2 and 4 PM daily and the recreation room between 11 AM and 1 PM daily), for Settlement Implementation Providers to meet with class members. When providers are meeting with class members in any of these spaces, Wavecrest staff shall remain at a distance and not eavesdrop or surveil the meeting. Wavecrest will provide regular cleaning and maintenance for the dedicated room at reasonable intervals. The dedicated room shall not be construed as "certified space" by the DOH for purpose of regulatory compliance matters for the duration of time during which Settlement Implementation Providers are present at Wavecrest.

5. <u>Access for the Peer Bridgers to clean, private bathrooms.</u> Wavecrest agrees that Settlement Providers, including the Peer Bridgers, will have access to staff bathrooms when the private bathroom in the dedicated room described in paragraph 4 above is not available. Wavecrest will maintain the cleanliness of the private bathroom in the dedicated private room and keep it stocked with supplies.

6. <u>Access to facilities to refrigerate and reheat food</u>. Wavecrest agrees to outfit the dedicated room with a new small refrigerator and new microwave for use by the Peer Bridgers and other Settlement Implementation Providers.

7. <u>Storage lockers for Peer Bridgers to store their personal belongings</u>. Community Access, as the employer of the Peer Bridgers, will be permitted to place reasonably sized lockers in the dedicated room described in paragraph 2 above. Such lockers must be reasonably sized, assembled pursuant to manufacturer instructions, and not be permanently installed or otherwise damaging to the room.

8. <u>Telephones in resident rooms</u>. No later than 30 days of execution by all parties to this Agreement, Wavecrest will install in each room in which class members reside a "Verizon wireless home phone" unit base and a basic landline phone unit that can plug into that base via a phone jack or a USB, and provide a talk-only cellular service plan for each such unit.

9. <u>Making available and assisting residents in using electronic tablets to facilitate communications with Peers and other Settlement Providers.</u> Wavecrest will facilitate the use by residents of iPads or similar tablet devices provided by DOH or the Settlement Providers. "Facilitate" shall include but not be limited to helping residents log in to video

3

conference calls and access the Internet and providing minor help that may be required when using the device when Peer Bridgers are unavailable or unable to assist residents. Wavecrest will not be responsible for the purchase of such devices and will not be responsible if they are lost or damaged.

10. Re-opening to visitation consistent with regulatory guidance for the COVID-19 pandemic. Wavecrest will, within 20 days of the execution of this Agreement, reopen to visitors, consistent with applicable guidance from the DOH regarding visitation, including without limitation, restrictions on visitation following a COVID-19 infection of a resident or staff member and any requirements in the guidance for mandatory visitor or staff testing. Such visitation, including with respect to Peer Bridgers and other Settlement Implementation Providers, shall be subject to Wavecrest's infection control policies and the regulation and directives of the DOH. Wavecrest will not be responsible to pay for testing or to administer tests at the facility for Settlement Providers.

11. Issues. Any issues or conflicts in connection with the foregoing provisions shall first be brought to the attention of Wavecrest, or, if Wavecrest has a concern about Settlement Implementation Provider conduct, to the appropriate Settlement Implementation Provider agency supervisors for resolution. If the matters are not resolved promptly, they shall be referred to and resolution facilitated by the DOH Office of Community Transitions ("OCT") at 518-485-8781 or sent via email to commtran@health.ny.gov for prompt attention, prior to any party contending that a breach of this Agreement has occurred.

12. Regulatory compliance issues. The DOH agrees that it shall not inspect Wavecrest's actions, issue regulatory citations or undertake enforcement activity with regard to Wavecrest absent consideration of whether Wavecrest acted reasonably in light of its obligations under this Agreement. Wavecrest's compliance with the terms of this Agreement shall not result in regulatory citations or enforcement action by the DOH and its provision of a dedicated room as part of this Agreement shall not be construed as an improper use of a resident room by the DOH or result in demands or actions by the DOH to decertify beds.

13. Agreement of resolution. The signatories agree that the foregoing addresses the concerns raised by the Independent Reviewer in his report filed under seal on January 14, 2021 in the context of the Settlement Agreement, specifically issues of discouragement and interference experienced by Peer Bridgers and other Settlement Implementation Providers at Wavecrest. This Agreement shall not be construed as an admission of wrongdoing by Wavecrest, and it shall terminate on the Termination Date under the Settlement Agreement, as established or amended by the Court and/or the Parties.

14. Filing and Jurisdiction. The signatories hereby acknowledge and concur that this document shall be filed with and may be so ordered by the court in *United States of America v. State of New York*, Civil Action No. CV-13-4165 (Garaufis, J) and *O'Toole, et al. v. Cuomo, et al.*, Civil Action CV-13-4166 (Garaufis, J) and, for purposes of this Agreement, that the Court has jurisdiction to enforce this Agreement pursuant to the All Writs Acts, 28 U.S.C. § 1651.

15. This agreement may be signed in counterpart.

Dated: March 15, 2021

For Plaintiff UNITED STATES OF AMERICA:

SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York

By: *[signature]*
Michael J. Goldberger
Assistant United States Attorney
271-A Cadman Plaza East
Brooklyn, NY 11215

REBECCA B. BOND, Chief
AMANDA MAISELS. Deputy Chief
Disability Rights Section
Civil Rights Division

By: *[signature]*
Jillian Lenson
Trial Attorney
Civil Rights Division
Four Constitution Square
150 M Street NE
Washington, DC 20002

FOR WAVECREST HOME FOR ADULTS:

_____
Jacob Laufer
Jacob Laufer, P.C.
65 Broadway, Suite 1005
New York, NY 10006

15. This agreement may be signed in counterpart.

Dated: March 15, 2021

For Plaintiff UNITED STATES OF AMERICA:

SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York

By: _____
Michael J. Goldberger
Assistant United States Attorney
271-A Cadman Plaza East
Brooklyn, NY 11215

REBECCA B. BOND, Chief
AMANDA MAISELS. Deputy Chief
Disability Rights Section
Civil Rights Division

By: _____
Jillian Lenson
Trial Attorney
Civil Rights Division
Four Constitution Square
150 M Street NE
Washington, DC 20002

FOR WAVECREST HOME FOR ADULTS:

*/s/ Jacob Laufer*
Jacob Laufer
Jacob Laufer, P.C.
65 Broadway, Suite 1005
New York, NY 10006

For the Plaintiff Class:

_____
Robert O'Loughlin
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064


_____
Ruth Lowenkron
NEW YORK LAWYERS FOR
THE PUBLIC INTEREST, INC.
151 West 30th Street, 11th floor
New York, NY 10001-4007


_____
Alison Lynch
DISABILITY RIGHTS NEW YORK
25 Chapel Street, Suite 1005
Brooklyn, NY 11201

_____
Ira A. Burnim
Jennifer Mathis
BAZELON CENTER FOR MENTAL
HEALTH LAW
1105 15th Street, N.W., Suite 1212
Washington, DC 20005

_____
Tiffany Liston
Kevin Cremin
Jota Borgmann
Tanya Kessler
MOBILIZATION FOR JUSTICE
299 Broadway, 4th floor
New York, NY 10007

For the Plaintiff Class:

_____
Robert O'Loughlin
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064

_____/s/ Ruth Lowenkron_____
Ruth Lowenkron
NEW YORK LAWYERS FOR
THE PUBLIC INTEREST, INC.
151 West 30th Street, 11th floor
New York, NY 10001-4007


_____
Alison Lynch
DISABILITY RIGHTS NEW YORK
25 Chapel Street, Suite 1005
Brooklyn, NY 11201


_____
Ira A. Burnim
Jennifer Mathis
BAZELON CENTER FOR MENTAL
HEALTH LAW
1105 15th Street, N.W., Suite 1212
Washington, DC 20005


_____
Tiffany Liston
Kevin Cremin
Jota Borgmann
Tanya Kessler
MOBILIZATION FOR JUSTICE
299 Broadway, 4th floor
New York, NY 10007

For the Plaintiff Class:

_____
Geoffrey Chepiga
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064


_____
Ruth Lowenkron
NEW YORK LAWYERS FOR
THE PUBLIC INTEREST, INC.
151 West 30th Street, 11th floor
New York, NY 10001-4007

*/s/ Alison Lynch*

_____
Alison Lynch
DISABILITY RIGHTS NEW YORK
25 Chapel Street, Suite 1005
Brooklyn, NY 11201


_____
Ira A. Bumim
Jennifer Mathis
BAZELON CENTER FOR MENTAL
HEALTH LAW
1105 15th Street, N.W., Suite 1212
Washington, DC 20005


_____
Jeanette Zelhof
Kevin Cremin
Jota Borgmann
Tanya Kessler
MOBILIZATION FOR JUSTICE
299 Broadway, 4th floor
New York, NY 10007

For Defendants, STATE OF NEW YORK, ACTING COMMISSIONER KRISTIN M. WOODLOCK, THE NEW YORK STATE OFFICE OF MENTAL HEALTH. COMMISSIONER NIRAV R. SHAH. THE NEW YORK STATE DEPARTMENT OF HEALTH, and GOVERNOR ANDREW M. CUOMO:

*Robert L. Begleiter*
Robert L. Begleiter
Attorneys for Defendants
CONSTANTINE CANNON LLP
335 Madison Avenue
New York. NY 10017

*Lisa Ullman*
Lisa Ullman
Executive Director, Adult Home Settlement Initiative
New York State Department of Health

SO ORDERED THIS
DAY OF MARCH, 2021

_____
Hon. Nicholas G. Garaufis
United States District Judge