**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>STATE OF NEW YORK,<br><br>        Defendant. | Civil Action No. 13-CV-4165 (NGG) |
| RAYMOND O'TOOLE, ILONA SPIEGEL, and STEVEN FARRELL, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>KATHLEEN C. HOCHUL, in her official capacity as Governor of the State of New York et al.,<br><br>        Defendants. | Civil Action No. 13-CV-4166 (NGG) |

**ORDER**

    **WHEREAS**, the parties in the above-captioned actions have entered into a Second Amended Stipulation and Order of Settlement on May 4, 2017 (the "Agreement"), and a Supplement to the Second Amended Stipulation and Order of Settlement on March 8, 2018 (the "Supplement")[1]; and

    **WHEREAS**, the Supplement included process enhancements designed to further the goals of the Agreement, including the provision of the Peer Bridger Program (*see* section F(2)), designed to assist NYC Adult Home Residents through the transition process; and

    **WHEREAS**, in early 2020, a global pandemic involving the spread of a novel coronavirus causing COVID-19 arrived in the United States, causing infection among individuals that come in close contact with an infected person; and

    **WHEREAS**, Peer Bridgers and other Settlement Implementation Providers, to perform

---

[1]     Capitalized terms herein have the same meaning defined in the Agreement and the Supplement, unless otherwise indicated.

their responsibilities as described in the Supplement, must meet face-to-face with Adult Home residents and therefore, absent notification that Adult Home residents have contracted COVID-19, are exposed to heightened risk of infection, illness, and possibly death; and

**WHEREAS**, when the COVID-19 pandemic began, Peer Bridgers and other Settlement Implementation Providers were prohibited from entering Adult Homes pursuant to New York State regulation, and although those regulations have expired, COVID-19 remains a serious threat to health and safety, and public health agencies advise that individuals continue to take precautions to avoid contracting the virus, including especially in congregate care settings like Adult Homes; and

**WHEREAS**, the New York State Department of Health ("DOH") instructs adult care facilities and other congregate settings, including Adult Homes, that individuals who experience symptoms or have tested positive for COVID-19 should isolate for 10 days; and

**WHEREAS**, many Peer Bridgers have co-morbid conditions that make them particularly vulnerable to severe illness if they contract COVID-19; and

**WHEREAS**, the Supplement provides that all Settlement Providers shall be "able to do their work unimpeded" (*see* section E(1)); and

**WHEREAS**, an inability to obtain information to necessary to assess and reduce their risk of contracting COVID-19 is an impediment to Settlement Providers doing their work.

It is hereby **ORDERED**, pursuant to 45 C.F.R. 164.512(e)(1)(i), (j)(1)(i), and the inherent authority of the Court, as follows:

To allow Peer Bridgers and other Settlement Implementation Providers to perform their responsibilities under the Supplement and mitigate their risk of infection from COVID-19, the administrators and employees of Adult Homes where Class Members or Post-Cap Class Members reside are authorized to and shall, upon request, provide Peer Bridgers and other Settlement Implementation Providers access to information (including protected health information) regarding residents' medical status, including the identity of any residents who are infected with COVID-19 and/or currently in isolation or quarantine due to COVID-19.

**SO ORDERED**

s/Nicholas G. Garaufis

Hon. Nicholas G. Garaufis
United States District Judge

Date: 10/19/22